*MEMAHON J*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Paul Simon D/B/A Paul Simon Music,

                Plaintiff,

v.

Rhythm USA, Inc., and Rhythm
Watch Co., Ltd

                Defendants.

Case No. 08-Civ-6440 (CM)

STIPULATION AND
ORDER REGARDING
THE CONFIDENTIALITY
OF DISCOVERY AND
OTHER MATERIALS

IT IS HEREBY STIPULATED AND AGREED, by and between plaintiff Paul Simon D/B/A Paul Simon Music, and defendants Rhythm USA, Inc. and Rhythm Watch Co., Ltd., by their respective undersigned counsel, and good cause having been shown pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, ORDERED by the Court that:

1.    This Stipulation and Order shall apply to all information (including, without limitation, documents, electronically stored information, agendas, audio recordings, maps, charts, graphs, contracts/agreements, facsimiles, handwritten notes, memoranda, e-mail messages, calendars, diaries, pamphlets, presentations, summaries, outlines, meeting minutes, notebooks, handouts, indices, videotapes, computer programs, materials, oral or written testimony, declarations, affidavits, court filings, depositions or statements, whether or not transcribed or recorded) that is produced in response to any discovery method authorized or permitted by the Federal Rules of Civil Procedure, produced voluntarily in lieu of such discovery, or otherwise produced, exchanged, filed or distributed, in connection with this action by any party or non-party (hereinafter "Information").

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/17/08

2.  With respect to the scope of Information protected under this Stipulation and Order, the parties agree as follows:

a.  A party or non-party (a "Designating Party") may designate any Information that it produces or offers, or (to the extent it originated with or relates to the Designating Party) that any other party or non-party produces or offers, as "Confidential Information," provided that such Information falls within the scope of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

b.  Confidential Information shall include any copies or other reproductions, excerpts, summaries, abstracts or other documents that paraphrase, excerpt, or contain the original Confidential Information in tangible form. Any such materials shall be clearly designated as containing Confidential Information and shall be subject to all other applicable protections and provisions of this Stipulation and Order.

c.  Documents containing Confidential Information shall be so designated by marking the respective pages of the document (or, where appropriate, the entire document), with the legend "CONFIDENTIAL," unless otherwise specifically mentioned in this Stipulation and Order.

d.  Electronically stored information containing Confidential Information shall be so designated by affixing the notation "CONFIDENTIAL" to the tangible media in which the electronically stored information is stored, unless otherwise specifically mentioned in this Stipulation and Order.

3. Confidential Information shall be used only for the purpose of this litigation, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose.

4. With respect to the disclosure of Confidential Information, the parties agree as follows:

    a. No Confidential Information shall be disclosed, directly or indirectly, to anyone except the following "Authorized Persons":

        (1) outside counsel of record for the parties (including legal, paralegal, clerical, and secretarial staff employed by such outside counsel) or in-house counsel (including legal, paralegal, clerical and secretarial staff employed by such in-house counsel) engaged in the prosecution or defense of this action;

        (2) named parties, and officers, directors, or employees of a party (together with their clerical and secretarial staff) who have managerial responsibility with respect to the prosecution, defense, settlement or other disposition of this action;

        (3) non-party experts or consultants (together with their associates, consultants and clerical and secretarial staff) retained to assist in the prosecution, defense, settlement or other disposition of this action;

        (4) the court reporter(s) employed in this action in connection with depositions, hearings or trial;

        (5) the Court and Court personnel (subject to Section 7 of this Stipulation and Order);

(6) a witness at any deposition or other proceeding in this action, and counsel for that witness (subject to the provisions of Section 6 of this Stipulation and Order);

(7) independent contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing or retrieving data, documents, photographs or other information, or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system;

(8) any other person as to whom the Designating Party has consented to disclosure in advance and in writing, on notice to each party hereto; and

(9) any other person authorized by the Court.

b. Prior to receiving any Confidential Information, Authorized Persons described in Subsections a(3), (6), (7), (8) and (9) of this Section shall be provided with a copy of this Order and shall execute a confidentiality agreement in the form of Attachment A, except that this provision shall not apply to witnesses at any deposition or other proceeding who also fall within the Authorized Persons described in Subsections a(1) or (2) of this Section.

5. With respect to challenge against designation of Information as Confidential Information, the parties agree as follows:

a. At any time, a party may challenge a Designating Party's designation of Information as Confidential Information (including the presumptive classification of any particular Information as Confidential Information). Such a challenge shall be made by notifying all parties (and if the Information was designated by a non-party, that non-party as well) of the

desired de-designation by specifying the Information (or class or category of Information) that the challenging party contends was improperly designated. The Designating Party (or any other party or non-party) shall then have ten days to reject the desired de-designation by so informing the challenging party, in writing, on notice to all parties. (The ten-day period in which to make such an application is subject to enlargement or extension by either consent of the challenging party or the Court.) Absent a timely rejection of the desired de-designation, the Information shall be deemed to be de-designated in accordance with the challenging party's notice of de-designation.

b. If the Designating Party (or any other party or non-party) rejects the desired de-designation, the challenging party may then make an application to the Court -- on notice to all parties and non-parties which rejected the proposed de-designation – seeking to have the Information de-designated. Prior to making such an application, the challenging party shall contact the Designating Party (and any other party or non-party that rejected the desired de-designation), and the parties and any interested non-parties shall confer in good faith in an effort to resolve the dispute without the Court's intervention.

c. The Designating Party shall bear the burden of justifying its designation of Information as Confidential Information.

d. The parties shall respect the original confidentiality designation, and treat the Information as Confidential Information, during the pendency of any challenge or application for de-designation.

6. With respect to protecting the confidentiality of Confidential Information at depositions, the parties agree as follows:

a. Any party may, provided such use is consistent with the other provisions hereof, use Confidential Information at a deposition; however, only persons authorized to receive such Confidential Information may attend the portions of the deposition pertaining to such Confidential Information.

b. Any party or non-party may designate testimony at a deposition as Confidential Information during the course of any deposition. Such designation may be made in response to a question, prior to any responsive testimony being given, or thereafter. If such designation is made during the deposition, any person not authorized to receive that Confidential Information shall be excluded from the deposition until testimony regarding those matters has been concluded. In addition to the foregoing, any party (or the non-party witness) shall have 30 days following receipt of a deposition transcript to designate, in writing, the transcript or any portion thereof, as Confidential Information. The entire transcript, including exhibits, shall be treated as Confidential Information until expiration of this 30-day period (subject to the deponent's right to have access to the complete transcript in order to assist in the correction of any errata or the confidentiality designation of the testimony).

c. If any party objects to the designation of particular testimony as Confidential Information, the objection shall be noted for the record; however, persons not authorized to receive that Confidential Information shall nevertheless be excluded from the deposition until testimony regarding the designated Information has been concluded. The objecting party, however, may challenge the designation before the Court, either during the deposition or after its conclusion.

d. The Designating Party shall arrange with the court reporter taking and transcribing such deposition to bind the portion of the transcript not designated as Confidential Information separately, and to label the cover of the complete transcript with the appropriate legend "Contains Confidential Information, Subject to Protective Order," and to label each page thereof with the legend "Confidential Information."

e. The restrictions of this Section apply to videotaped depositions, and video cassettes or other video containers shall be labeled in accordance with the provisions of this Section.

7. If pages containing Confidential Information are filed with the Court, (i) the unredacted page shall be filed under seal until further order of this Court, and (ii) the complete document with only those portions of pages containing Confidential Information redacted shall be publicly filed.

8. In the case of responses to requests for admissions or interrogatories, and the Information contained therein, confidentiality designation shall be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are Confidential Information. The following legend shall be placed on the front of any set of responses to interrogatories or requests for admission containing Confidential Information: "Contains Confidential Information, Subject to Protective Order Designated Parts Not to Be Used, Copied or Disclosed Except as Authorized by Court Order."

9. Nothing herein shall impose any restrictions on the use or disclosure by a party of its own Information as it deems appropriate.

10. Disclosure by the producing party or non-party of Information without proper designation at the time of disclosure shall not be deemed a waiver, in whole or in part, of any party's or non-party's claim to confidentiality, either as to the specific Information disclosed or as to any other information relating to the subject matter of the Information disclosed. Within ten days of learning of its inadvertent disclosure of Information without proper designation, a party or non-party may seek protection of the Information by properly designating such Information as Confidential Information; provided, however, that no party shall be deemed to be in breach of this Order by reason of any use or disclosure of such Information, inconsistent with a later designation thereof, if such use or disclosure occurred prior to notification of such designation.

11. If Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall, promptly upon learning of such disclosure, inform the Designating Party (on notice to all other parties) of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Order.

12. This Order shall be without prejudice to the right of the parties to (a) bring before the Court at any time the question whether any Information is properly designated as Confidential Information, or whether its use should be restricted in any way, or (b) present a motion to the Court to either quash a subpoena or issue a separate protective order foreclosing certain discovery. The parties also may apply to the Court for modification of this Order. Any such application shall be made upon reasonable notice, pursuant to the Court's established procedures regarding discovery disputes.

13. If, at any time, any Confidential Information in the possession, custody or control of any person other than the person who originally produced such Information is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity (the "Subpoenaed Information"), the party to whom the subpoena or request is directed (a) immediately shall provide written notice to the person who originally produced such Information (and to the Designating Party), which notice shall include the date set for the production of the Subpoenaed Information, and (b) shall not produce the Subpoenaed Information prior to the date set forth in the notice or, having been served with a motion to quash or modify the subpoena or request, prior to the resolution of the motion to quash or modify. In the event that compliance with the subpoena or request is not enjoined, by either stipulation or order, during the pendency of the motion to quash or modify, the Subpoenaed Party may deliver the material to the court or judicial officer adjudicating the dispute so as to avoid any citations for contempt.

14. Nothing in this Order, nor the production of any Information under its terms, nor any proceedings undertaken pursuant hereto, shall be deemed to have the effect of an admission or waiver by any party of, or otherwise deemed to alter the confidentiality or nonconfidentiality of any Information. Nor shall compliance with this Order operate as an admission as to the admissibility of any Information.

15. With respect to the inadvertent production of document or electronically stored information, the parties agree as follows:

   a. Inadvertent production of any document or electronically stored information that a party or non-party later claims should not have been produced because of a

privilege, including but not limited to the attorney- client or work product privileges (an "Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege.

b. A party or non-party may request destruction or return of any Inadvertently Produced Privileged Document by identifying the document inadvertently produced and stating the basis for withholding such document from production. If a party or non-party requests the destruction or return, pursuant to this subsection, of any Inadvertently Produced Privileged Document then in the custody of another party or non-party, the possessing party shall within three days destroy or return to the requesting party or non-party the Inadvertently Produced Privileged Document (and all copies thereof) and shall expunge from any other document or material information solely derived from the Inadvertently Produced Privileged Document. The party destroying or returning such material may then move the Court for an order compelling production of the material, but said party shall not assert as a ground for entering such an order the fact (or circumstances) of the inadvertent production.

c. Notwithstanding the foregoing, nothing in this Section shall be deemed to prohibit any party's good faith use or disclosure of any Inadvertently Produced Privileged Document prior to such party's receipt of a request for the return of that Inadvertently Produced Privileged Document.

16. The terms of this Stipulation and Order shall be binding upon all current and future parties to this action and their current and future counsel, all Authorized Persons hereunder, and to all non-parties that are subjected to subpoenas.

17. Upon the final determination, settlement, or other disposition of this action, including any appeals, materials containing Confidential Information disclosed to or received by

any party to this Order, or any Authorized Person (other than outside counsel's copies of documents filed with the Court and outside counsel's file copies of papers prepared in connection with this matter), shall be returned to the party or non-party who provided the Confidential Information, or shall be destroyed by outside counsel for the party in possession of such Information, at such counsel's option. Counsel in possession of such Information shall certify in writing that it has been returned or destroyed in accordance with this paragraph.

18. This Stipulation and Order, and the Court's jurisdiction over any use or misuse of Confidential Information subject to the provisions of this Order, or any other violation hereof, shall survive the final termination of this action.

Dated: New York, New York
       October 9, 2008

                                  HANLY CONROY BIERSTEIN
                                  SHERIDAN FISHER & HAYES LLP

                                  By: _____
                                      Steven M. Hayes (SH-2926)
                                  112 Madison Avenue -- 7th Floor
                                  New York, NY 10016-7416
                                  Tel: (212) 784-6414
                                  shayes@hanlyconroy.com

                                  Attorney for Plaintiff


                                  LOVELLS LLP

                                  By: _____
                                      David Leichtman (DL-7233)
                                  590 Madison Avenue
                                  New York, NY 10022
                                  Tel: (212) 909-0600
                                  david.leichtman@lovells.com

                                  Attorneys for Defendants

SO ORDERED:
_____
United States District Judge

Dated: 10/16/08

## Attachment A

## CONFIDENTIALITY AGREEMENT

1. I, _____ have read the Stipulation and Order, dated _____ 2008 (the "Protective Order") in the matter captioned <u>Paul Simon D/B/A Paul Simon Music</u> v. <u>Rhythm USA, Inc., et al</u>, No. 08-Civ-6440 (CM), and agree to be bound by its terms with respect to any documents, information or materials that are furnished to me as set forth in the Protective Order.

2. I further agree not to disclose to anyone any such documents, information or materials.

3. I hereby agree that any documents, materials or information furnished to me will be used by me only for the purposes of this litigation and for no other purposes, and will not be used by me in any business affairs of my employer or of my own, or be imparted by me to any other person and will be returned to the person who furnished such documents, materials or information to me.

4. I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York for the limited purpose of any proceeding to enforce the terms of this Confidentiality Agreement or the Protective Order, and for no other purpose.

_____       _____
Signature                             Date

_____
Print Name and Title

_____
Company Name