**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PAUL SIMON D/B/A<br>PAUL SIMON MUSIC,<br><br>        Plaintiff,<br><br>   v.<br><br>RHYTHM USA, INC. and<br>RHYTHM WATCH CO., LTD.,<br><br>        Defendants. | Case No. 08-CIV-6440 (CM) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT RHYTHM JAPAN'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER;
DEFENDANT RHYTHM USA'S MOTION TO TRANSFER;
AND DEFENDANTS' RHYTHM USA'S AND RHYTHM JAPAN'S
<u>MOTION FOR A MORE DEFINITE STATEMENT</u>**

**TABLE OF CONTENTS**

**Page**

TABLE OF CASES ............................................................................................................... iii

BRIEF SUMMARY ................................................................................................................ 1

FACTUAL BACKGROUND .................................................................................................. 2

ARGUMENT .......................................................................................................................... 3

I. THIS COURT SHOULD DISMISS THIS ACTION AGAINST RHYTHM JAPAN FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, TRANSFER THE CASE TO THE NORTHERN DISTRICT OF GEORGIA .................................................................................................................... 3

    A. This Court Does Not Have Personal Jurisdiction Over Rhythm Japan ................... 3

    B. In the Alternative to Dismissal, This Court May Transfer This Action To The Northern District of Georgia Pursuant to 28 U.S.C. § 1631 or § 1404(a) ................................................................................................................... 5

II. THIS COURT SHOULD TRANSFER THIS ACTION AGAINST RHYTHM USA TO THE NORTHERN DISTRICT OF GEORGIA PURSUANT TO 28 U.S.C. § 1404(a) ........................................................................................................ 6

    A. Plaintiff Could Have Filed This Action in the Northern District of Georgia .......... 7

    B. The Totality of the Circumstances Weigh in Favor of Transfer to the Northern District of Georgia ....................................................................................... 7

        1. Convenience of the witnesses and parties weighs heavily in favor of transfer ............................................................................................................. 7

        2. Location of relevant documents and ease of access to sources of proof weighs in favor of transfer ................................................................. 8

        3. Locus of operative facts weighs heavily in favor of transfer ....................... 8

        4. Relative means of the parties is neutral ........................................................ 9

        5. Forum's familiarity with governing law is neutral .................................... 10

        6. Weight accorded to plaintiff's choice of forum is negligible and weighs in favor of transfer ......................................................................... 10

        7. Trial efficiency weighs in favor of transfer .............................................. 10

III. THE COMPLAINT FAILS TO CLEARLY SET FORTH THE CLAIMS AGAINST DEFENDANTS, AND A MORE DEFINITE STATEMENT IS NEEDED..................................................................................................................11

CONCLUSION...................................................................................................................14

## **TABLE OF CASES**

                                                          **Page**

**Cases**

*AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*,
   326 F. Supp. 2d 525 (S.D.N.Y. 2004) ................................................................................ 6, 8, 9

*Dimensional Media Assocs., Inc. v. Optical Prods. Dev. Corp.*,
   42 F. Supp. 2d 312 (S.D.N.Y. 1999) ...................................................................................... 3, 4

*Fuji Photo Film Co., Ltd. v. Lexar Media Inc.*,
   415 F. Supp. 2d 370 (S.D.N.Y. 2006) .................................................................................... 6, 9

*Girl Scouts of the United States of America v. Steir*,
   102 Fed. Appx. 217 (2d Cir. 2004) ............................................................................................ 3

*Invivo Research, Inc. v. Magnetic Resonance Equip. Corp.*,
   119 F. Supp. 2d 433 (S.D.N.Y. 2000) ....................................................................................... 9

*Kelly v. L.L. Cool J.*,
   145 F.R.D. 32 (S.D.N.Y. 1992) ............................................................................................... 11

*M & M Packaging, Inc. v. Kole*,
   183 Fed. Appx. 112 (2d. Cir. 2006) .......................................................................................... 3

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,
   545 U.S. 913 (2005) ................................................................................................................ 13

*Pickholtz v. Rainbow Technologies, Inc.*,
   260 F. Supp.2d 980 (N.D. Cal. 2003) ..................................................................................... 13

*Plunket v. Doyle*,
   No. 99 Civ. 11006 (KMW), 2001 WL 175252 (S.D.N.Y. Feb. 22, 2001) .......................... 11, 13

*Sabatino v. St. Barnabas Med. Ctr.*,
   No. 03CV7445 (CSH), 2005 WL 2298181 (S.D.N.Y. Sept. 20, 2005) ..................................... 5

*Swierkiewicz v. Sorema, N.A.*,
   534 U.S. 506 (2002) ................................................................................................................ 11

*Varsity Spirit Fashions & Supplies, Inc. v. I.I.P., Inc.*,
   No. 03 Civ. 2069 (LLS), 2003 WL 22772638 (S.D.N.Y. Nov. 24, 2003) ............................... 10

*Walker v. The Jon Renau Collection, Inc.*,
   423 F. Supp. 2d 115 (S.D.N.Y. 2005) ...................................................................................... 8

**Statutes**

17 U.S.C. § 106 ............................................................................................................................ 12

28 U.S.C. § 1404(a) .............................................................................................................. 1, 5, 6

28 U.S.C. § 1631 .................................................................................................................. 1, 5, 6, 7

Fed. R. Civ. P. 12(e) ......................................................................................................... 2, 11, 14

Fed. R. Civ. P. 8(a)(2) ................................................................................................................. 11

N.Y. C.P.L.R. 302(a) (West 2008) ............................................................................................... 4

Defendants Rhythm Watch Co., Ltd. ("Rhythm Japan") and Rhythm USA, Inc. ("Rhythm USA") (collectively "Defendants") hereby submit Defendant Rhythm Japan's Motion to Dismiss, or in the alternative, motion to transfer; Defendant Rhythm USA's Motion to Transfer; and Defendants' Motion for a More Definite Statement.

## **BRIEF SUMMARY**

This matter involves allegations of infringement of Paul Simon d/b/a Paul Simon Music's ("Simon" or "Plaintiff") purported copyright in a musical composition ("Composition"). Plaintiff, a Connecticut resident, alleges that Georgia-based Rhythm USA, and Japan-based Rhythm Japan, both simultaneously directly and contributorily/vicariously infringe his/its copyright.

Plaintiff's First Amended Complaint for Copyright Infringement ("Complaint") represents that Rhythm Japan "conducts business throughout the United States of America, including this District, . . ." (Compl. at ¶ 4). However, Rhythm Japan has few connections to the United States, and has absolutely no connections with New York. Accordingly, this Court does not have personal jurisdiction over Rhythm Japan, and therefore should dismiss this action against Rhythm Japan. In the alternative, Rhythm Japan requests that this Court transfer the action to the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. § 1631 or § 1404(a).

Rhythm USA also requests that this Court transfer this matter to the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). The Northern District of Georgia would best serve the convenience and interests of the parties and witnesses. Further, Georgia is the only location in the United States where operative facts in this litigation occurred. Moreover, New York has no connection to this litigation, as evidenced by the fact that Plaintiff's Complaint contains no specific allegations of New York's interest in this action.

In the alternative or in addition, Defendants request that this Court order Plaintiff to amend its Complaint to provide a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Plaintiff's copyright infringement allegations are so vague, confusing, conflicting and contradictory that Defendants are unable to understand sufficiently what claims are asserted against each of them.

## FACTUAL BACKGROUND

Rhythm Japan is a corporation organized and operating under the laws of Japan, with its principal place of business in Japan. (Declaration of Tatsuo Kasama in Support of Defendants' Motion to Dismiss and/or Motion to Transfer, dated October 24, 2008, at ¶ 3 ("T. Kasama Decl.")). Rhythm Japan manufactures and sells clocks, watches, jewelry, information devices, on-vehicle devices, electronic parts, precision molds and mold parts, and other various precision machines. (T. Kasama Decl. at ¶ 4).

Rhythm Japan does not operate in, or conduct business in, the state of New York. (T. Kasama Decl. at ¶ 5). Specifically, Rhythm Japan does not promote, deliver, supply, sell, ship, design or manufacture clocks or other goods in New York. (T. Kasama Decl. at ¶ 5). Rhythm Japan does not transact business or perform any character of work or service in New York. (T. Kasama Decl. at ¶ 6). Rhythm Japan does not operate any business in New York and is not incorporated in New York, nor is Rhythm Japan authorized or registered to do business in New York or in any other state in the United States. (T. Kasama Decl. at ¶ 7). Rhythm Japan has not and does not solicit business from New York or United States customers. (T. Kasama Decl. at ¶ 12).

Rhythm USA is a wholly owned subsidiary of Rhythm Japan. (T. Kasama Decl. at ¶ 4). It is organized and operating under the laws of Georgia, with its principal place of business in Atlanta, Georgia. (Declaration of Yuichi Koizumi in Support of Defendants' Motion to Dismiss and/or Motion to Transfer, dated October 24, 2008, at ¶ 3 ("Y. Koizumi Decl.")). Rhythm Japan

2

exports clocks to the United States, selling them exclusively to Rhythm USA. (T. Kasama Decl. at ¶ 4). Rhythm Japan ships clocks to Atlanta, where Rhythm USA's main office and distribution center are located, and to Los Angeles, where Rhythm USA has another distribution center. (T. Kasama Decl. at ¶ 4). Rhythm USA, in turn, sells these clocks to retailers throughout the United States. (Y. Koizumi Decl. at ¶ 4). The retailers, in turn, sell those clocks to consumers. (Y. Koizumi Decl. at ¶ 4). Plaintiff appears to allege that the clocks sold by these retailers infringe his/its copyright.

## ARGUMENT

I. **THIS COURT SHOULD DISMISS THIS ACTION AGAINST RHYTHM JAPAN FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, TRANSFER THE CASE TO THE NORTHERN DISTRICT OF GEORGIA**

**A. This Court Does Not Have Personal Jurisdiction Over Rhythm Japan**

Since this Court does not have personal jurisdiction over Rhythm Japan, it should dismiss this action against Rhythm Japan.

With a Rule 12(b)(2) motion to dismiss based on lack of personal jurisdiction, "the court must construe the complaint and affidavits . . . in the light most favorable to plaintiff." *Dimensional Media Assocs., Inc. v. Optical Prods. Dev. Corp.*, 42 F. Supp. 2d 312, 317 (S.D.N.Y. 1999) (internal quotations omitted). However, "[t]he plaintiff bears the burden of establishing that the court has personal jurisdiction over the defendants." *M & M Packaging, Inc. v. Kole*, 183 Fed. Appx. 112, 114 (2d. Cir. 2006). "In a federal question case where defendants reside outside the forum state, [New York courts] [] look to the forum state's personal jurisdiction rules, . . ." *Girl Scouts of the United States of America v. Steir*, 102 Fed. Appx. 217, 219 (2d Cir. 2004). "If jurisdiction is appropriate under New York's long-arm statute, [New York courts] must then decide whether the exercise of such jurisdiction comports with the requirements of due process." *Id.* Regardless, "plaintiff must demonstrate that defendant

purposefully availed itself of the privilege of conducting activities within New York." *Dimensional Media*, 42 F. Supp. 2d at 317 (internal quotations omitted).

New York's long-arm statute states that "a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:"

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

N.Y. C.P.L.R. 302(a) (West 2008).

Plaintiff's Complaint does not identify which of the above subsections supposedly govern the alleged conduct of Rhythm Japan, nor does it even assert that New York's long-arm statute can be exercised to reach Rhythm Japan. (*See* Compl. ¶¶ 6-9).

The reason for the ambiguity in the Complaint is obvious -- none of the above subsections apply to Rhythm Japan, as it has no connection to New York. Rhythm Japan is a company organized and operating under the laws of Japan, with its principal place of business in Japan. (T. Kasama Decl. at ¶ 3). Rhythm Japan is not incorporated or registered to do business in any state in the United States. (T. Kasama Decl. at ¶ 7). Nor does Rhythm Japan have any offices in the United States. (T. Kasama Decl. at ¶¶ 9, 10). Further, Rhythm Japan does not promote, deliver, supply, sell, ship, design, or manufacture any of its products in New York. (T. Kasama Decl. at ¶ 5). Rhythm Japan does not transact business or perform any character of work or service in New York. (T. Kasama Decl. at ¶ 6). Moreover, Rhythm Japan does not

operate any business in New York or in any other state in the United States. (T. Kasama Decl. at ¶ 7). Also, Rhythm Japan has no assets, no bank or other financial accounts, no post office box, no telephone listing, no employees, no sales representatives, no agents, and no offices or other places of business in New York. (T. Kasama Decl. at ¶ 10). Nor does Rhythm Japan advertise in or solicit business from New York residents or businesses, nor has it earned any income in New York. (T. Kasama Decl. at ¶¶ 12, 15).

In sum, Plaintiff does not allege that Rhythm Japan has acted in a manner such that it has "purposefully availed" itself in a manner that would subject it to jurisdiction under New York's long-arm statute. Accordingly, this Court lacks personal jurisdiction and should dismiss this action against Rhythm Japan.

### B. In the Alternative to Dismissal, This Court May Transfer This Action To The Northern District of Georgia Pursuant to 28 U.S.C. § 1631 or § 1404(a)

Should this Court determine dismissal is inappropriate, that jurisdiction over Rhythm Japan is doubtful, or that dismissal would be unfair, this Court should transfer this matter to the United States District Court for the Northern District of Georgia ("Northern District of Georgia") under either 28 U.S.C. § 1404(a) or § 1631.

A transfer under § 1631 is allowed "whenever a civil action is filed . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action or appeal could have been brought . . ." 28 U.S.C. § 1631. Rhythm Japan would consent to jurisdiction in the Northern District of Georgia for purposes of this action. Accordingly, should this Court find that it lacks jurisdiction over Rhythm Japan, it may transfer this action to the Northern District of Georgia. *See, e.g., Sabatino v. St. Barnabas Med. Ctr.*, No. 03CV7445 (CSH), 2005 WL 2298181, at *3 (S.D.N.Y. Sept. 20, 2005) (Ex. 1) (transferring action to the District of New Jersey after finding lack of personal jurisdiction).

As Rhythm Japan's reasons for requesting transfer under § 1404(a) or § 1631 are similar to those of Rhythm USA under § 1404(a), the analysis in Section II below is incorporated by reference as to Rhythm Japan.

## II.     THIS COURT SHOULD TRANSFER THIS ACTION AGAINST RHYTHM USA TO THE NORTHERN DISTRICT OF GEORGIA PURSUANT TO 28 U.S.C. § 1404(a)

This Court should transfer this action to the Northern District of Georgia.  Plaintiff, who resides in Connecticut, has no alleged connection with New York and the operative facts of this litigation center around Atlanta, Georgia and Japan.  Simply put, Plaintiff's Complaint contains no allegations of New York's interest in this action.

Under 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where" the action may have been brought.  "The purpose of § 1404(a) is to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 528 (S.D.N.Y. 2004).  "A motion to transfer venue requires a two-part inquiry:  first whether the action to be transferred might have been brought in the transferee court; and second, whether considering the convenience of parties and witnesses and the interest of justice a transfer is appropriate." *Fuji Photo Film Co., Ltd. v. Lexar Media Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006) (internal citations omitted).

"In determining whether transfer is warranted for the convenience of parties and witnesses and in the interests of justice, courts consider the following factors: (1) the convenience of the witnesses, (2) the convenience of the parties, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with governing law, (8) the weight accorded to

plaintiff's choice of forum, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Id.*

### A. Plaintiff Could Have Filed This Action in the Northern District of Georgia

Given that Rhythm USA is incorporated, and has its principal place of business, in Atlanta, Georgia, it is subject to personal jurisdiction in the Northern District of Georgia. Further, given that Rhythm Japan consents to jurisdiction there, it also would be subject to personal jurisdiction in the Northern District of Georgia.[1]  Accordingly, Plaintiff could have brought this action in the Northern District of Georgia.

### B. The Totality of the Circumstances Weigh in Favor of Transfer to the Northern District of Georgia

Based on the totality of the circumstances, the relevant factors weigh in favor of transferring this action to the Northern District of Georgia.

#### 1. Convenience of the witnesses and parties weighs heavily in favor of transfer

Rhythm USA has at least eight potential witnesses, all of whom reside in Georgia. These witnesses include Yuichi Koizumi, Koji Kajiyama, and Daisuke Sato. Mr. Koizumi is Rhythm USA's President, and accordingly, has information concerning both the day-to-day workings of Rhythm USA, as well as its business plan and sales strategy. (Y. Koizumi Decl. at ¶ 16). Mr. Kajiyama is one of Rhythm USA's managers who has information concerning Rhythm USA's sales and planning, including the number and location of customers, yearly revenues, and Rhythm USA's future sales plans. (Y. Koizumi Decl. at ¶ 17). Mr. Sato is another of Rhythm USA's managers. He has information about Rhythm USA's importation of products, as well as its accounts payable and receivables, including ensuring the fulfillment of product orders. (Y. Koizumi Decl. at ¶ 18).

---

[1] As noted in Section I.B. above, this Court may transfer the action against Rhythm Japan to the Northern District of Georgia pursuant to 28 U.S.C. § 1631 should it find that it lacks jurisdiction over Rhythm Japan.

Additionally, Rhythm USA has five customer service representatives, including Orlando Reyes, Mary Druhan, Louise Petrocelli, Esther Pae, and Noriko Yarikochi. Mr. Reyes deals with customers from across the country when there is an issue relating to returns or product repairs. (Y. Koizumi Decl. at ¶ 19). Ms. Druhan, Ms. Petrocelli and Ms. Esther Pae are responsible for interacting with Rhythm USA's potential customers and developing relationships with Rhythm USA's customers. (Y. Koizumi Decl. at ¶ 20). Lastly, Ms. Yarikochi has information regarding obtaining payment from Rhythm USA's customers, as well as Rhythm USA's accounting system. (Y. Koizumi Decl. at ¶ 21).

Accordingly, this factor weighs heavily in favor of transfer. *See Walker v. The Jon Renau Collection, Inc.*, 423 F. Supp. 2d 115, 117 (S.D.N.Y. 2005) (finding that transfer to venue was where all of defendant's testifying employees and executive personnel resided was well-founded).

### 2. Location of relevant documents and ease of access to sources of proof weighs in favor of transfer

Rhythm USA is based in Georgia, and accordingly, documents responsive to Plaintiff's discovery requests are located in Georgia. Further, because this matter involves Defendants' allegedly infringing products, by default, Rhythm USA will have a far greater number of documents to produce and make available during trial than Plaintiff. *See e.g.*, *AEC One Stop*, 326 F. Supp. 2d at 530 ("In infringement cases, the bulk of the relevant evidence usually comes from the accused infringer."). Accordingly, this factor weighs in favor of transfer to the Northern District of Georgia. *See id.* (finding that this factor weighs in favor of transfer when the alleged infringer's documents are located in the venue where defendant seeks transfer).

### 3. Locus of operative facts weighs heavily in favor of transfer

The locus of operative facts weighs heavily in favor of transferring this action to the Northern District of Georgia. Rhythm Japan ships to, and Rhythm USA receives, all allegedly infringing products in Atlanta, Georgia and Los Angeles, California. (T. Kasama Decl. at ¶ 4).

8

Further, Georgia is the location of Rhythm USA's sales staff and where Rhythm USA receives its orders for the allegedly infringing products. (Y. Koizumi Decl. at ¶ 5). Georgia is also a location where Rhythm USA prepares the shipments of allegedly infringing products to its customers who are located across the country. (Y. Koizumi Decl. at ¶ 5). Additionally, Georgia is the location where Rhythm USA's executives and managers coordinate Rhythm USA's marketing and sales activities. (Y. Koizumi Decl. at ¶ 5).

Anticipating that Plaintiff will argue that some operative facts occur in New York, as it is one of the locations where Rhythm USA allegedly sold infringing products, it is important to note that courts -- and this Court specifically -- do not find this fact determinative. *Fuji Photo Film Co., Ltd. v. Lexar Media Inc.*, 415 F. Supp. 2d 370, 375 (S.D.N.Y. 2006) ("[w]here a party's products are sold in many states, sales alone are insufficient to establish a material connection to the forum and to override other factors favoring transfer.") (citing *Invivo Research, Inc. v. Magnetic Resonance Equip. Corp.*, 119 F. Supp. 2d 433 (S.D.N.Y. 2000)). Moreover, Rhythm USA's sales of the allegedly infringing products in the Southern District of New York are minimal -- totaling approximately 0.2% of the total U.S. sales for those same clocks. (Y. Koizumi Decl. at ¶ 14). Accordingly, the locus of operative facts weighs heavily in favor of transfer.

### 4. Relative means of the parties is neutral

Considering the means of the parties, this factor is neutral. Courts consider this factor only "where a disparity of means exists between the parties . . . ." *AEC One Stop*, 326 F. Supp. 2d at 531. Although Plaintiff operates as a sole proprietorship and Defendants are both corporate entities, there is no disparity in means such that Plaintiff is unable to continue a suit in the Northern District of Georgia. Plaintiff is self-described as a "world famous singer and songwriter" who charges "in excess of $1,000,000" for a license just to the single Composition at

9

issue. (Compl. at ¶¶ 2, 13). Given this, Plaintiff can hardly argue he does not have the means to continue this litigation in the Northern District of Georgia. Accordingly, this factor is neutral.

### 5. Forum's familiarity with governing law is neutral

This factor is neutral considering that "familiarity with the governing law is generally given little weight in federal courts." *Id*. Further, given that this is a copyright matter, both venues are equally familiar with the federal law governing copyright actions.

### 6. Weight accorded to plaintiff's choice of forum is negligible and weighs in favor of transfer

This factor weighs in favor of transfer since Plaintiff is not a New York resident. "Although plaintiff's initial choice of forum (New York) is normally accorded considerable deference, it is entitled to less weight where it is neither [the plaintiff's] home nor the place where the operative facts of the action occurred." *Varsity Spirit Fashions & Supplies, Inc. v. I.I.P., Inc.*, No. 03 Civ. 2069 (LLS), 2003 WL 22772638, at *1 (S.D.N.Y. Nov. 24, 2003) (Ex. 2). In this instance, neither Plaintiff's home, nor the place of operative facts, is in New York. Plaintiff is based in Connecticut, not New York. Further, as discussed above, the operative facts occurred in Georgia and Japan, not New York. (*See supra* II.B.3). Accordingly, the weight accorded to Plaintiff's choice of forum is negligible, and weighs in favor of transfer.

### 7. Trial efficiency weighs in favor of transfer

Trial efficiency also weighs in favor of transfer to the Northern District of Georgia. Given the sheer number of cases filed each year in the Southern District of New York, the parties are more likely to achieve an efficient arrival to trial in the Northern District of Georgia. For example, in 2007, the Northern District of Georgia had 4,487 filings and the Southern District of New York had 17,699. (*See* Declaration of Bryan J. Vogel in Support of Defendants' Motion to Dismiss and/or Transfer, Exs. A, B). Moreover, the Northern District of Georgia had 2.5% of its cases pending for three years or longer, while the Southern District of New York had 11.3% of

its cases pending for the same period of time. (*See id.*, Exs. A, B). Accordingly, trial efficiency weighs in favor of transfer.

\*   \*   \*

Considering the majority of the above factors weigh in favor of transfer, and the remaining factors are neutral, and taking into account the Court's (at best) questionable jurisdiction over Rhythm Japan, this Court should transfer this matter to the Northern District of Georgia.

## III. THE COMPLAINT FAILS TO CLEARLY SET FORTH THE CLAIMS AGAINST DEFENDANTS, AND A MORE DEFINITE STATEMENT IS NEEDED

In addition to the above, this Court should order Plaintiff to provide a more definite statement of its copyright claims pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

"The general purpose of modern pleadings is to give the parties notice of the claims against them." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 35 (S.D.N.Y. 1992). Rule 8(a)(2) states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[2] Fed. R. Civ. P. 12(e); *Kelly*, 145 F.R.D. at 35. In other words, the complaint must provide "fair notice of the claim asserted to allow defendant to answer and prepare for trial." *Plunket v. Doyle*, No. 99 Civ. 11006 (KMW), 2001 WL 175252, at *4 (S.D.N.Y. Feb. 22, 2001) (Ex. 3).

In a copyright case, a plaintiff gives "fair notice" when he clearly alleges: (1) which specific original works are the subject of the copyright claim; (2) that plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the

---

[2]  Defendants note they need not answer Plaintiff's Complaint while their motion for a more definite statement is pending. *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.").

11

statute; and (4) by what acts and during what time the defendant infringed the copyright. *Id.* In this action, Plaintiff fails to sufficiently allege element (4), and thus Defendants are unable to ascertain and answer the claims against each of them.

Plaintiff's Count I alleges that both Rhythm Japan and Rhythm USA are liable for direct copyright infringement. (Compl. at ¶¶ 14-21). To support this allegation, Plaintiff asserts without specificity that "Defendants" directly infringed Plaintiff's purported copyright by "reproducing, adapting, distributing, and/or publicly performing" the Composition. (Compl. at ¶ 15). This statement, however, fails to provide sufficient notice to Defendants because "reproducing, adapting, distributing, and/or publicly performing" runs the gamut of possible infringing activities, *see* 17 U.S.C. § 106,[3] and Plaintiff fails to indicate which Defendant allegedly performs which of each of these alleged activities. For example, it would be physically impossible for Rhythm Japan to publicly perform the Composition in the United States since it is not present here. Accordingly, this vague and conflated allegation should be plead with more

---

[3] Section 106 of the Copyright Act provides:

§ 106. Exclusive rights in copyrighted works

Subject to sections 107 through 122, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:

(1) to reproduce the copyrighted work in copies or phonorecords;

(2) to prepare derivative works based upon the copyrighted work;

(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

(4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;

(5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and

(6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

specificity as to what acts by what defendant purportedly infringe each of the alleged rights under Section 106 of the Copyright Act. *Plunket*, 2001 WL 175252, at *4.

Moreover, Plaintiff also alleges that both Defendants are "vicarious and/or contributory" infringers of Plaintiff's "copyright in the Composition, including its exclusive rights of reproduction, distribution, and public performance." (Compl. at ¶ 23). At a minimum, a claim of vicarious infringement or contributory infringement must provide plausible allegations of third-party direct/primary infringement. *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930, 940, 125 S. Ct. 2764, 2776, 2782 (2005). In other words, for each of Plaintiff's allegations of "vicarious and/or contributory" infringement of its rights -- *e.g.*, "reproduction, distribution, and public performance" -- Plaintiff must allege plausible allegations of third-party direct/primary infringement. Plaintiff has failed to do so. Plaintiff's vague and confusing description of liability is like a three-dimensional chess board, allowing for numerous liability matrices -- none of which Plaintiff's Complaint alleges with enough specificity to provide fair notice of the claims asserted to allow each Defendant to answer the Complaint.

As if the above were not confusing enough, Plaintiff also asserts that Defendants contribute to the direct infringement of non-party "retailers and on-line vendors" by selling the allegedly infringing products to these retailers. (Compl. at ¶ 23). In other words, Plaintiff alleges in one paragraph that Defendants are either, or both, liable as direct/primary infringers, and in another paragraph, alleges that the non-party retailers are the direct/primary infringers for the same exact acts. (*Compare* Compl. at ¶¶ 15 and 23). These theories are internally inconsistent and cannot stand since one cannot be liable simultaneously for both direct/primary infringement and indirect/secondary infringement for the same act -- *e.g.*, as the accused product flows through the stream of commerce. *See Pickholtz v. Rainbow Technologies, Inc.,* 260 F. Supp. 2d 980, 989-90 (N.D. Cal. 2003) (stating that "direct infringement and indirect infringement 'are mutually exclusive when the actions are based on the same act'").

In view of the above, this Court should order Plaintiff to amend its Complaint to provide a more definite statement as to the alleged infringing acts of each of the Defendants.

## **CONCLUSION**

For the reasons stated above, Defendant Rhythm Japan requests this Court dismiss it from this action for lack of personal jurisdiction, or, in the alternative, to transfer this matter to the Northern District of Georgia. Defendant Rhythm USA also requests that the Court transfer this matter to the Northern District of Georgia. In the alternative or in addition, Defendants ask this Court to order Plaintiff to amend its Complaint to provide a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

Date:   October 28, 2008

Respectfully submitted,

LOVELLS LLP

 /s/  David Leichtman
David Leichtman (DL-7233)
Bryan J. Vogel (BV-7771)
590 Madison Avenue
New York, New York 10022
T: (212) 909-0600
F: (212) 909-0660
david.leichtman@lovells.com
bryan.vogel@lovells.com

*Attorneys for Defendants Rhythm USA, Inc. and Rhythm Watch Co., Ltd.*