# EXHIBIT 2



Not Reported in F.Supp.2d                                                                                              Page 1
Not Reported in F.Supp.2d, 2003 WL 22772638 (S.D.N.Y.), 72 U.S.P.Q.2d 1374

United States District Court,S.D. New York.
VARSITY SPIRIT FASHIONS & SUPPLIES, INC.,
Plaintiff,
v.
I.I.P., INC., Defendant.
**No. 03 Civ.2069(LLS).**

Nov. 24, 2003.

Manufacturer of cheerleader uniforms and supplies initiated action, seeking declaratory judgment that its use of licensed trademark and logo did not infringe on logo of defendant corporation. Defendant moved to transfer venue. The District Court, Stanton, J., held that venue would be transferred to California.

Motion granted.

West Headnotes

**Federal Courts 170B** 🔑**110**

170B Federal Courts
    170BII Venue
        170BII(B) Change of Venue
            170BII(B)1 In General; Venue Laid in Proper Forum
                170Bk106 Determination in Particular Transferable Actions
                170Bk110 k. Patents, Copyrights and Trade Regulation. Most Cited Cases
Venue of action by manufacturer, seeking declaratory judgment that its use of licensed trademark and logo did not infringe on defendant corporation's logo, would be transferred from New York, where neither plaintiff, defendant, nor, with one exception, any witnesses resided, nor where operative facts of action occurred, to California, rather than to plaintiff's second choice of Tennessee; convenience of party witnesses was in approximate equipoise between Tennessee and California, but residence of third-party witness tipped balance in favor of California, and California was place where alleged agreement was negotiated, where defendant had filed similar action, and where process was available to compel third party witness, who resided in California, if necessary. 28 U.S.C.A. § 1404(a).

Memorandum and Order

STANTON, J.
**\*1** Plaintiff Varsity Spirit Fashions & Supplies, Inc. seeks a declaratory judgment that plaintiff's use of the licensed SELECT trademark and "Trident Design" logo does not infringe on the "SS" logo of defendant I.I.P., Inc. Defendant moves to dismiss for lack of personal jurisdiction and improper venue, or alternatively to transfer this action to the Northern District of California. Plaintiff opposes this motion, but argues that if the case is transferred, it should be to the Western District of Tennessee.

For the reasons set forth below, defendant's motion is granted and the action is transferred to the Northern District of California.

*Discussion*

Section 1404(a) of title 28 of the United States Code provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."Although in this case there is a sharp dispute over whether this defendant is subject to this court's jurisdiction, there is no requirement that a federal court have personal jurisdiction over a defendant before issuing an order to transfer venue. *ZPC 2000, Inc. v. SCA Group, Inc.,* 86 F.Supp.2d 274, 276 (S.D.N.Y.2000).

As movants, defendants bear the burden of establishing that the case should be transferred. *See Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2 $^{nd}$ Cir.1978). *Linzer v. EMI Blackwood Music, Inc.,* 904 F.Supp. 207, 216 (S.D.N.Y.1995), lists the relevant factors:

(1) the place where the operative facts occurred; (2) the convenience of the parties; (3) the convenience of witnesses; (4) the relative ease of access to sources of proof; (5) the availability of process to compel attendance of unwilling witnesses; (6) the plaintiff's

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

choice of forum; (7) the forum's familiarity with governing law; and (8) trial efficiency and the interests of justice.

The threshold question is whether the transferee district is one "where venue might have been proper and where defendant would have been subject to process." *Dwyer v. General Motors Corp.,* 853 F.Supp. 690, 692 (S.D.N.Y.1994). Under 28 U.S.C. § 1391(b), venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State."According to 28 U.S.C. § 1391(c), "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."Defendant is a corporation organized under the laws of the State of California.

Although plaintiff's initial choice of forum (New York) is normally accorded considerable deference, it is entitled to less weight where it is "neither [the plaintiff's] home nor the place where the operative facts of the action occurred." *Dwyer,* 853 F.Supp. at 694. Plaintiff is a Minnesota corporation whose principal place of business is in Tennessee. Defendant is a California company with its sole place of business in California. All of defendant's employees and agents are in California, and all its shipments are made from California. While multiple witnesses reside in Tennessee and California, only one potential witness spends a significant amount of time in New York, and he does not reside there. Defendant's web site is accessible from anywhere in the nation, and merchandise bearing the contested mark may be sold over that web site to persons in any state. There is no indication that any decisions relating to developing, licensing, or marketing the trademark, or any actions relating to past trademark disputes, took place in New York. The events here have no specific connection to New York.

*2 As between defendant's first choice, California, and plaintiff's second choice, Tennessee, the controlling considerations are the others set forth in *Linzer* (p. 2 above) and of those convenience of the witnesses "may be the single most important factor." *800-Flowers v. Intercontinental Florists, Inc.,* 860 F.Supp. 128, 134 (S.D.N.Y.1994). There are two anticipated general areas of testimony. The first concerns whether or not there was a binding agreement between Select Sport A/S and Wesoc, plaintiff's and defendant's respective predecessors-in-interest, and, if so, whether that agreement binds the current parties. The parties have specified several witnesses including Mr. Nourzad, the former owner of Wesoc; Mr. Hardaway, the negotiator on behalf of Select Sport A/S of Denmark; and unnamed employees of Select Sport A/S. Mr. Nourzad, a third party witness, resides in California. Mr. Hardaway, also a third party witness, lives in South Carolina. As neither Mr. Hardaway, nor any of the Select Sport employees reside in any of the potential fora, their convenience does not significantly affect the transfer analysis.

The second general area of testimony concerns usage of the trademark, likelihood of confusion and damages. Only party witnesses are expected to testify on these subjects. Defendant specifically names its CEO and President, Mr. Kamall, who resides in California. All other I.I.P. employees also reside in California. Plaintiff lists several potential party witnesses, including Mr. Webb, Mr. McLaren, Mr. Fellin and Mr. Holdsworth. These witnesses all reside in Tennessee. Plaintiff also lists Mr. Arnold, who lives in North Carolina and whose investigator placed the order on the web site. However, Mr. Arnold's testimony appears to be hearsay, and there may be no dispute over the availability of products on the web site.

The convenience of the party witnesses is in approximate equipoise between Tennessee and California, but the residence of Mr. Nourzad, the third-party witness, tips the balance in favor of California.

Other factors are similarly weighted in favor of California. The alleged agreement between Wesoc and Select Sport A/S was negotiated in California. California courts are better equipped to rule on the validity and enforceability of an agreement allegedly formed in California. Considerations of trial efficiency favor California over Tennessee because the defendant has filed a similar action in the Northern District of California. California is the only forum where process is available to compel a third party witness (Mr. Nourzad), if necessary.[FN1]

> FN1. Although neither party suggests that any potential third party witness will not cooperate, South Carolina, where Mr.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

>Hardaway resides, is well outside the subpoena power of the Western District of Tennessee.

None of the other factors weighs in favor of one forum or another. Both parties are corporations, and while the plaintiff is may have more employees and resources, it is not significantly more of a burden on either party to maintain an out-of-state litigation. Though plaintiff's trademark and SEC counsel are located in NY, "convenience of counsel is not a consideration in the transfer analysis."*Bionx Implants, Inc. v. Biomet, Inc.,* 1999 U.S. Dist. LEXIS 8031, at *12 (S.D.N.Y. May 27, 1999).

**\*3** Efficiency and the interests of justice dictate that the case should be transferred to California, which is more convenient over all for witnesses, where there is already a similar action, and where the agreement was negotiated.

*Conclusion*

Accordingly, defendant's motion to transfer venue is granted. The Clerk will transfer the action and file to the United States District Court for the Northern District of California.

So ordered.

S.D.N.Y.,2003.
Varsity Spirit Fashions & Supplies, Inc. v. I.I.P., Inc.
Not Reported in F.Supp.2d, 2003 WL 22772638 (S.D.N.Y.), 72 U.S.P.Q.2d 1374

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.