# EXHIBIT 3



Not Reported in F.Supp.2d  Page 1
Not Reported in F.Supp.2d, 2001 WL 175252 (S.D.N.Y.), 2001 Copr.L.Dec. P 28,237



United States District Court, S.D. New York.
Andrea PLUNKET, Plaintiff,
v.
Estate of Dame Jean Conan DOYLE, Geoffrey Michael Pooley and Charles Foley, Defendants.
**No. 99 Civ. 11006(KMW).**

Feb. 22, 2001.

ORDER

WOOD, J.
*1 Plaintiff claims to be the exclusive "manager" and licensor of the literary rights in the works of Sir Arthur Conan Doyle, author of the Sherlock Holmes stories [the "Literary Properties"]. Plaintiff sues for copyright infringement and unfair competition against the estate and executors of Dame Jean Conan Doyle, the author's daughter. Plaintiff also seeks a declaratory judgment that an attempt by Dame Conan Doyle to terminate a grant of rights to plaintiff's alleged predecessor-in-interest was ineffective. Defendants move (1) to dismiss the domestic copyright claims for failure to comply with the pleading requirements of Federal Rule of Civil Procedure ["Rule"] 8(a) and Rule 12(b)(6) or, in the alternative, for a more definite statement pursuant to Rule 12(e); (2) to dismiss the Complaint for lack of subject matter jurisdiction under Rule 12(b)(1); (3) to dismiss the Complaint for lack of personal jurisdiction under Rule 12(b)(2); and (4) to require the joinder of parties holding ownerships rights in the Literary Properties that plaintiff claims to manage. For the reasons stated herein, the Court dismisses the domestic copyright infringement claims for failure to comply with Rule 8(a) and to demonstrate standing, and dismisses the Complaint for failure to allege a prima facie case of personal jurisdiction over defendants. The Court grants plaintiff leave to file an Amended Complaint within 30 days of this Order and requires plaintiff to join parties whose ownership rights in the Literary Properties will be affected by her claim for declaratory judgment. The Court reserves its decision on the question of subject matter jurisdiction over the foreign copyright claims because this jurisdiction may turn on the validity of the domestic copyright claims dismissed herein.

I. BACKGROUND[FN1]

FN1. The facts in this case are taken from the Complaint and from documents attached to the Complaint or incorporated by reference.

Plaintiff, a New York resident, alleges that she holds the "exclusive worldwide rights to manage," as well as to "negotiate, licence, and otherwise cause and permit the exploitation of" all rights with respect to the Literary Properties. (Compl.¶ 1.) Plaintiff contends that her management rights include copyrights and marketing rights in the Literary Properties and that the Literary Properties include the elements and characters of Sir Conan Doyle's stories. (Id.)

Plaintiff alleges that many of the works and elements comprising the Literary Properties are subject to copyright protection in the United States. (Compl.¶ 11.) Plaintiff presents a list of Sir Arthur Conan Doyle's works (Compl.App.A.), and claims that each of these works and the elements thereof remain subject to copyright protection in "certain countries" outside the United States, including the member countries of the European Community. Plaintiff also claims that certain of the Literary Properties have been duly registered in the United States Copyright Office, including nine works listed with registration numbers on the provided list. (Id.)

According to plaintiff, her "exclusive rights" derive from her father, Andre Milos, who was assigned rights in the Literary Properties by Sheldon Reynolds. Mr. Reynolds allegedly acquired the Literary Properties by purchase and assignment from the bankruptcy receiver for Baskerville Investment Ltd., an entity formed by remaining members of the Conan Doyle family. (Id.¶¶ 8-10.)Plaintiff's position as the manager/administrator of the literary copyrights of Sir Conan Doyle still in effect as of April 21, 1990 was affirmed by two orders of Justice Wilk of the New York State Supreme Court,

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d                                                                                                       Page 2
Not Reported in F.Supp.2d, 2001 WL 175252 (S.D.N.Y.), 2001 Copr.L.Dec. P 28,237

incorporated by reference into the Complaint; these orders also name Star Container Establishment, Paul Manson, and Peter Milos as beneficiaries of certain copyright royalties, and recognize that "the ownership of the copyrights of Sir Arthur Conan Doyle revived in the European Economic Community under Duration of Copyright and Rights in Performances Regulations 1995, (SI 1995 No. 3297) in the United Kingdom is vested in Etelka, Lady Duncan."*See Reynolds v. Reynolds,* No. 75424/86 (N.Y.Sup.Ct.), Orders dated 3/10/1998, at ¶ 6 and 2/9/1998 at ¶ 1(f) (available in Affirmation of Andrea Plunket, dated May 6, 2000 ["Plunket Aff."] Exh. A.) Plaintiff does not allege that she holds any ownership interest in the Literary Properties herself.

**\*2** In further support of her claims, plaintiff alleges that Dame Jean Conan Doyle made an ineffective attempt to terminate the interests of Sheldon Reynolds and Andre Milos in the Literary Properties. Specifically, plaintiff alleges that in 1979, after Reynolds had acquired the rights to the Literary Properties from Baskerville Investments and had transferred these rights to Andre Milos (and had recorded the transfer in the United States Copyright Office), Dame Jean Conan Doyle attempted to terminate, effective November 1, 1981, the grant of rights to Reynolds by serving a notice on him pursuant to section 304(c) of the United States Copyright Act [the "Notice"].(Id.¶ 14.)Dame Conan Doyle allegedly was informed in 1981 that the Notice was defective and ineffective and made no effort to amend or correct the Notice within the applicable time periods. (Id.¶ 15-16.)

Plaintiff claims that defendants, in spite of their knowledge that the Notice was ineffective, have entered into or offered licenses to third parties purporting to grant rights to exploit the Literary Properties in various media, including television or movies, throughout the world. (Id.¶ 17.)In the United States, defendants allegedly acted through agents and representatives.(Id.) Plaintiff further claims that defendants continued their actions subsequent to a demand by plaintiff that they desist. (Id.¶¶ 18-19.)Plaintiff contends that defendants' actions have caused both monetary and irreparable injuries to her.

## II. DISCUSSION

*A. Personal Jurisdiction*

Defendants contend that plaintiff has failed to allege a basis on which to exercise personal jurisdiction over them in New York. On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of establishing the Court's jurisdiction over defendants. *See Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 566 (2d Cir.1996). When, as here, the motion is made prior to discovery, plaintiff may meet this burden by making " 'a prima facie showing ... through its own affidavits and supporting materials.' " *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 784 (2d Cir.1999) (quoting *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir.1981)). Personal jurisdiction in this case is determined in accordance with New York law, and any exercise of personal jurisdiction must also comport with the constitutional requirements of due process. *See id.*

Although plaintiff does not specify a basis for personal jurisdiction in her Complaint, her papers rely on New York's long-arm statute. That statute, CPLR § 302(a)(3)(ii), provides jurisdiction over a defendant who "commits a tortious act without the state causing injury to person or property within the state" if he "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."[FN2]

> [FN2]. Plaintiff makes no allegations in her Complaint that defendants "do" or "transact" business in New York such that jurisdiction would be proper under §§ 301 or 302(a)(1) of the long-arm statute.

**\*3** To set forth a prima facie case under § 302(a)(3)(ii), plaintiff must allege that (1) the commission of a tort outside of New York; (2) injury within the state; (3) defendant's reasonable expectation that its conduct would have consequences in New York; and (4) that defendants derive substantial revenue from interstate commerce. See *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 785 (2d Cir.1999); *Arista Technologies, Inc., v. Arthur D. Little Enterprises, Inc.,* No. 95 Civ. 0789, 2000 WL 1886223,[*]10 (E.D.N.Y. Dec. 28, 2000). Plaintiff does not meet this light burden for two reasons.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

First, plaintiff's allegations concerning defendants' expectations and their revenues from interstate or international commerce merely repeat the statutory language; plaintiff offers no factual basis for jurisdiction. Plaintiff's allegations are insufficient to make a prima facie showing. *See Jazini v. Nissan Motor Co., Ltd.,* 148 F.3d 181, 184-85 (2d Cir.1998) (rejecting conclusory statements and restatements of legal standards as basis for prima facie showing of jurisdiction, even prior to discovery); *Arista,* 2000 WL 1886223, at *10.

Second, plaintiff has not presented sufficient factual allegations of injury in New York. In cases involving commercial torts, " 'the mere fact that the plaintiff resides in New York and therefore ultimately experiences a financial loss there is not a sufficient basis for jurisdiction under § 302(a)(3)." ' *Duncan v. Nu-Life, Inc. of Illinois,* No. 97 Civ. 7350, 1998 WL 66002,*6 (S.D.N.Y. Feb. 17, 1998) (citing *Interface Biomedical Labs. Corp. v. Axiom Medical, Inc.,* 600 F.Supp. 731, 738 (E.D.N.Y.1985)). Plaintiff provides a copy of a contract between an alleged Washington, D.C.-based agent of Dame Conan Doyle and a California-based entertainment corporation.[FN3] (Plunket Aff. Exh. B.) Although this contract, granting worldwide licensing rights for the use of certain Sherlock Holmes characters in a Star Trek movie, potentially could have caused infringing acts in New York, plaintiff has not alleged that the injury to her took place in New York, rather than in Washington, D.C. or California, the possible sites of the defendants' agent's actions. *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 791 (2d Cir.1999) (situs of injury is distinguished from the "final economic injury and the felt consequences of the tort"); *Armstrong v. Virgin Records, Ltd.,* 91 F.Supp.2d 628, 639 (S.D.N.Y.2000) ("To be sure, not every licensing agreement concerning allegedly infringing material will automatically subject a foreign licensor to jurisdiction in the New York courts."). For these reasons, plaintiff has not alleged a prima facie case of personal jurisdiction under § 302(a)(3).

> FN3. Because it is appropriate to submit affidavits and evidence in opposition to a Rule 12(b)(2) motion, the Court considers the Plunket Affirmation.

The Court also finds that plaintiff has not shown that exercising jurisdiction over defendants would comport with due process. The Due Process Clause provides that a court may exercise jurisdiction over only those defendants that have "minimum contacts" with the forum state. *See Chaiken v. VW Pub. Corp.,* 119 F.3d 1018, 1028 (2d Cir.1997). Plaintiff must demonstrate that defendants "purposefully availed [themselves] of the forum and should have reasonably foreseen having been haled into court here."*Id.* (citing *Burger King Corp. v. Ruzewicz,* 471 U.S. 462, 475 (1985)). Because plaintiff has alleged no facts, beyond conclusory allegations, tending to show that defendants or their agents had contacts with New York and availed themselves of this forum, plaintiff has not met her due process burden.

**\*4** Plaintiff contends that she deserves jurisdictional discovery prior to any ruling by the Court on personal jurisdiction. At this stage, however, plaintiff has not alleged facts sufficient to warrant discovery on the question of personal jurisdiction. *See Manhattan Life Ins. Co. v. A.J. Stratton Syndicate,* 731 F.Supp. 587, 593 (S.D.N.Y.1990) (holding that court "should not approve a fishing expedition when little more exists that plaintiff's bare assertions that jurisdiction is proper" and that plaintiff must make a "sufficient start" toward showing jurisdiction before discovery is appropriate).

Because plaintiff fails to establish that exercising personal jurisdiction over defendants would comport either with New York's long-arm statute or with due process, the Court dismisses the Complaint. Should plaintiff make a sufficient start toward demonstrating jurisdiction in her Amended Complaint, the Court will entertain a motion for limited jurisdictional discovery prior to ruling on any motions to dismiss under Rule 12(b)(2).

*B. Sufficiency of the Copyright Infringement Pleadings*

Defendants challenge the sufficiency of the Complaint insofar as it alleges domestic copyright infringement. The Federal Rules of Civil Procedure provide that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."Rule 8(a)(2). The complaint must give "fair notice of the claim asserted" to allow defendant "to answer and prepare for trial." *Simmons*

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

*v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995) (citing 2A *Moore's Federal Practice* ¶ 8.13, at 8-58 (2d ed.1994); *see Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988). In cases involving copyright infringement, courts in this Circuit interpret "fair notice" as requiring that the plaintiff allege: (1) which specific original works are the subject of the copyright claim; (2) that plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts during what time the defendant infringed the copyright. *See Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 36 (S.D.N.Y.1992); *see also Lindsay v. R .M.S. Titanic,* 52 U.S.P.Q.2d 1609, 1611 (S.D.N.Y.1999). The Court finds that plaintiff has failed to meet three of these requirements [FN4] and dismisses plaintiff's copyright infringement claims for failure to comply with Rule 8.[FN5]

> FN4. Because plaintiff fails to specify which original works are at issue, the Court does not reach the question of whether the copyrights to these works have been duly registered.

> FN5. Because the Court dismisses plaintiff's copyright infringement claim under Rule 8, it need not reach the defendants' motion to dismiss this claim under Rule 12(b)(6).

1. The Original Works at Issue

The Court finds that plaintiff fails to specify which works are at issue in this case. Plaintiff provides a multi-page schedule of the works of Sir Arthur Conan Doyle and provides copyright registration numbers for nine of these works (Compl.App.A), but contends in her Complaint that her copyright claims are not limited to these works. (Compl.¶¶ 11, 29.) As a result, plaintiff has not provided a list of the works potentially at issue in this case and thus fails to meet the first *Kelly* requirement. *See Cole v. Allen,* 3 F.R.D. 236, 237 (S.D.N.Y.1942) (allegations that defendant copied from any of six books lacked sufficient specificity). The Court notes that this technical flaw in the pleadings may be remedied in the Amended Complaint.

2. Plaintiff's Ownership of the Copyrights

\*5 The Court also finds that plaintiff's exclusive management rights, as alleged in the Complaint, do not give her standing to sue for copyright infringement under the Copyright Act. The Act provides that "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled ... to institute an action for any infringement of that particular right committed while he or she is the owner of it."17 U.S.C. § 501(b). The Second Circuit has interpreted § 501(b) to limit standing to two types of claimants: "(1) owners of copyrights, and (2) persons who have been granted exclusive licenses by owners of copyrights." *Eden Toys, Inc. v. Florelee Undergarment Co., Inc.,* 697 F.2d 27, 32 (2d Cir.1982). The *Eden* Court noted that it "d[id] not believe that the Copyright Act permits holders of rights under copyrights to choose third parties to bring suits on their behalf."*Id.* at 32 n. 3. Because plaintiff does not allege that she is either an owner or an exclusive licensee of the Literary Properties, she consequently lacks standing to bring a copyright infringement action under § 501(b), either directly or on behalf of the legal or beneficial owners of the Literary Properties.

Plaintiff seeks to avoid this result by arguing that her own management rights confer standing under § 501(b). The Court disagrees. Plaintiff has made no showing that her own rights to manage the Literary Properties arise "under a copyright" such that she has standing to sue for infringement under § 501(b). The only decision to consider an agent's standing avoided ruling on this issue, noting instead that the legal owners were also plaintiffs and that the agent in question had some "interest" in the matter. *See Photofile, Inc. v. Graphicomp Sys.,* No. 92 Civ. 8414, 1993 WL 375769 (N.D.Ill. Sept. 22, 1993); *see also Comptoir de l'Industrie Textile de France v. Fiorucci, Inc.,* 204 U.S.P.Q. 557 (S.D.N.Y.1979) (holding that exclusive sales distributor of copyrighted products had no standing to sue for copyright infringement).*Photofile* did not hold that agents have standing to bring actions either for infringement of copyrights or interference with their own rights. The Court declines to find a new cause of action under § 501(b) for acts that sound more in tortious interference with contract than in infringement of rights arising under copyright law.

For these reasons, the Court finds that plaintiff has not alleged standing to bring suit under the Copyright Act and fails to meet the second *Kelly* requirement.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d                                                                                                          Page 5
Not Reported in F.Supp.2d, 2001 WL 175252 (S.D.N.Y.), 2001 Copr.L.Dec. P 28,237

*3. Infringing Acts*

Finally, plaintiff has not alleged "by what acts during what time the defendant infringed the copyright." Kelly, 145 F.R.D. at 36. Plaintiff claims that defendants have "entered into, or have offered, licenses purporting to grant third parties the right to exploit the Literary Properties in various media."(Compl.¶ 17.) This claim lacks sufficient detail as to the infringing acts alleged. Compare*Lindsay v. R.M.S. Titanic,* 52 U.S.P.Q.2d 1609, 1612 (S.D.N.Y.1999) (dismissing copyright claim that defendant "did knowingly and willfully infringe upon Plaintiff's copyright ... by unlawfully purchasing and/or otherwise obtaining copies of the Subject Work"*and**Tom Kelly Studios, Inc. v. International Collectors Society Inc.,* 44 U.S.P.Q.2d 1799, 1799 (S.D.N.Y.1997), *with Tin Pan Apple, Inc. v. Miller Brewing Co.,* 737 F.Supp. 826, 828 (S.D.N.Y.1990) (claim that defendants' use of plaintiffs' likenesses and songs in 30-second prime time beer commercial satisfied pleading requirements). Plaintiff's claim also fails to describe the time period during which infringing acts occurred. *SeeCalloway v. Marvel Entertainment Group,* No. 82 Civ. 8697, available at 1983 WL 1141, at *3 (S.D.N.Y. June 30, 1983). Consequently, the Court finds that plaintiff has failed to meet the fourth *Kelly* requirement.

**\*6** Because the Court finds that plaintiff has failed to meet three of the *Kelly* requirements, the Court concludes that plaintiff's Complaint is not sufficient to sustain her copyright infringement claim and dismisses this claim with leave to replead. *SeeDiMaggio v. International Sports Ltd.,* 49 U.S.P.Q.2d 1215 (S.D.N .Y.1998) (dismissing copyright infringement claim for failure to meet *Kelly* requirements). On repleading, plaintiff need not specify each infringing act with respect to each original work; the Court recognizes that discovery is likely to provide many of the details of the allegedly infringing acts and much of this information may be exclusively in defendants' control. *See Richard Feiner and Company, Inc. v. Larry Harmon Pictures Corp.,* 38 F.Supp.2d 276, 279 (S.D.N.Y.1999). It will be incumbent on plaintiff, however, both to provide enough detail about defendants' activities to provide a basis for filing the copyright claims, and to allege standing to bring these claims.FN6

FN6. In this regard, plaintiff undoubtedly will rely, at least in part, on the examples of infringement mentioned in the papers accompanying this motion.

*C. Lanham Act Claims*

Plaintiff asserts claims for unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(a) and state law arising out of the "activities of defendants complained of herein."(Compl.¶ 24, 26.) Because plaintiff is required to replead the infringing acts that constitute these activities, the issue of whether the current Complaint sufficiently alleges unfair competition is moot.

*D. Joinder*

Finally, defendants move to require the joinder of those parties whose interests in the Literary Properties may be adversely affected by the Court's ruling on the effectiveness of Dame Conan Doyle's termination of a grant of rights to Sheldon Reynolds. The Copyright Act provides that the grantor of a transfer or license in a copyright may terminate this grant, under certain circumstances, by means of a notice to the grantee. *See*17 U.S.C. § 304(c). Plaintiff contends that, for various reasons, Dame Conan Doyle's Notice was ineffective; plaintiff seeks a declaratory judgment that the granted rights still reside in the successors-in-interest to Reynolds. The Court finds that these successors-in-interest should be joined in this action.

The Copyright Act provides that the Court may require the joinder of any party having an interest in the copyright at issue. *See*17 U.S.C. § 501(b); *see also**Ediciones Quiroga, S.L. v. Fall River Music, Inc.,* 35 U.S.P.Q.2d 1814, 1823 (S.D.N.Y.1995) (holding that joinder is "generally appropriate 'in cases challenging the validity of the copyright upon which rest the rights of the person to be joined' " (citing *Wales Industrial v. Hasbro Bradley, Inc.,* 612 F.Supp. 510, 517 (S.D.N.Y.1985)); 3 *Nimmer on Copyrights* § 12.03, at 12-62 (1999). Joinder is not generally required "if the only issue is as to whether defendant engaged in unlawful copying." *Nimmer,* § 12.03 at 12-63.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d                                                                                                                         Page 6
Not Reported in F.Supp.2d, 2001 WL 175252 (S.D.N.Y.), 2001 Copr.L.Dec. P 28,237

Although plaintiff characterizes this action as one for simple copyright infringement, her request for declaratory relief goes to the underlying ownership of certain unidentified rights in the Literary Properties. See *Ediciones,* 35 U.S.P.Q.2d at 1823 (requiring joinder when deciding other claims necessitated a determination whether certain parties had copyright interests in the works at issue). It is evident that determining plaintiff's declaratory judgment claim could affect the interests in the Literary Properties now claimed by the heirs of Andre Milos [FN7] (Compl.¶ 9); a ruling that the Notice was effective would extinguish these rights. Failure to join these parties would thus risk the possibility of multiple lawsuits and inconsistent verdicts. *See Wales Industrial Inc.,* 612 F.Supp. at 517.

 FN7. Andre Milos is deceased. (Plunket Aff. ¶ 6.)

**\*7** Plaintiff's reliance on *Edward B. Marks Music Corp. v. Jerry Vogel Music Co.,* 140 F.2d 268 (2d Cir.1944), and *Calloway v. Marvel Entertainment Group,* 1983 WL 1152 (S.D.N.Y. Dec. 23, 1983) is misplaced. In those decisions, the courts found that the legal owner of a copyright may sue without joining equitable owners, *see* 140 F.2d at 269, and that a co-owner of a copyright is not necessarily an indispensable party, *see* 1983 WL 1152. Because plaintiff has not alleged that she has any ownership interests in the copyrights at issue, her position in this lawsuit is not comparable to that of the plaintiffs in *Edward B. Marks* and *Calloway,* and the absence of the owners of the Literary Properties cannot be excused.

For these reasons, plaintiff is directed to join those parties necessary to an adjudication of the claims she presents in her Amended Complaint, and otherwise to show cause as to why the lawsuit should not be dismissed for failure to join necessary parties. *SeeEdiciones,* 35 U.S.P.2d. at 1823-24.

## CONCLUSION

The Court dismisses the Complaint for failure to allege personal jurisdiction over defendants; dismisses the domestic copyright infringement claims for failure to meet the pleading requirements of Rule 8; and directs plaintiff to join necessary parties. All other pending motions are deemed moot. Plaintiff is granted leave to file an amended complaint within thirty (30) days of the signing of this opinion.

SO ORDERED.

S.D.N.Y.,2001.
Plunket v. Doyle
Not Reported in F.Supp.2d, 2001 WL 175252 (S.D.N.Y.), 2001 Copr.L.Dec. P 28,237

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.